**DIANE REGAN**
California Bar No. 207027
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Diane_Regan@fd.org

Attorneys for Mr. Gonzalez-Hernandez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JAMES M. LORENZ)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | CASE NO. 08CR0798-L |
| v. | ) | DATE: APRIL 21, 2008<br>TIME: 2:00 p.m. |
| RAFAEL GONZALEZ-HERNANDEZ, Defendant. | ) | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION |

**I.**

**STATEMENT OF FACTS**

Mr. Gonzalez-Hernandez was arrested and charged in a criminal complaint on February 25, 2008. His case was continued on the first preliminary examination date, and his case was then indicted on the date of the continued preliminary hearing. Mr. Gonzalez-Hernandez was charged by way of indictment with a violation of Title 8, United States Code section 1326 (a) and (b). A not guilty plea was entered on Mr. Gonzalez-Hernandez's behalf.

//

//

//

//

//

## II.

## MOTION TO COMPEL DISCOVERY

Mr. Gonzalez-Hernandez moves for the production of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

To date, ***defense counsel has received 46 pages of discovery***. Mr. Gonzalez-Hernandez respectfully requests that the Government be ordered to produce discovery because Mr. Gonzalez-Hernandez has reason to believe that he has not received all the discoverable material in his case. Ms. Gonzalez-Hernandez **specifically requests production of a copy of the taped proceedings and any and all documents memorializing the deportation proceeding allegedly held and any other proceedings that the Government intends to rely upon at trial**. This request includes discovery of materials known to the Government attorney, as well as discovery of materials which the Government attorney may become aware of through the exercise of due diligence. See FED. R. CRIM. P. 16.

Mr. Gonzalez-Hernandez has also not received a full copy of his A-file. Mr. Gonzalez-Hernandez specifically requests the documents memorializing the alleged deportation proceedings and any other proceedings that the Government intends to rely upon at trial.

Mr. Gonzalez-Hernandez additionally requests that the Court order the Government to allow him the opportunity to review his A-file in its entirety. First, the A-file contains documentation concerning his alleged deportation. Part of Mr. Gonzalez-Hernandez defense may be that his underlying deportation was invalid. The documents in the A-file would help illuminate the validity or futility of such a defense. For example, A-file documents typically contain biographical information. Such information is essential to determining whether Mr. Gonzalez-Hernandez deportation was invalid.

Second, the Government will likely try to show at trial that a Government officer searched the A-file and did not find an application by Mr. Gonzalez-Hernandez for permission to enter the United States. Mr. Gonzalez-Hernandez anticipates that the Government will attempt to admit a "Certificate of Non-Existence of Record" against him, arguing that if Mr. Gonzalez-Hernandez had ever applied for permission to enter the United States, such an application would be found in the A-file and because such an application

is not in the A-file, Mr. Gonzalez-Hernandez must not have applied for permission to enter the United States.

Although the certificate might be admissible, the question of the thoroughness of the search conducted by the Government of the A-file is, and should be, open to cross-examination. United States v. Sager, 227 F.3d 1138, 1145 (2000) (error not to allow jury to "grade the investigation."). Mr. Gonzalez-Hernandez should be able to review his A-file in order to see whether any application for lawful admission exists. Moreover, Mr. Gonzalez-Hernandez should also be able to verify whether other documents that would ordinarily be in the A-file are "non-existent," or otherwise missing from her A-file. Mr. Gonzalez-Hernandez may assert a defense that his application for lawful entry was lost or otherwise misplaced by the Government. He must be allowed the opportunity to review his A-file and the manner in which it is being maintained by the Government in order to present this defense.

## III.
## THE INDICTMENT MUST BE DISMISSED DUE TO ITS FAILURE TO ALLEGE AN OVERT ACT COMMITTED BY MR. GONZALEZ-HERNANDEZ

Mr. Gonzalez-Hernandez has been charged with attempted entry, a violation of Title 8 U.S.C. § 1326. The indictment fails to state an offense, since it does not allege that Mr. Gonzalez-Hernandez committed an overt act -- a required element in "attempt" cases. See United States v. Gracidas-Ulibarry, 231 F.3d 1188, 1196 (9th Cir. 2000) (en banc). The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. Amend. V. An indictment's failure to "recite an essential element of the charged offense is not a minor or technical flaw . . . but a fatal flaw requiring dismissal of the indictment." United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999); see also, United States v. Pernillo-Fuentes, 252 F.3d 1030 (9th Cir. 2001).

The Ninth Circuit has recently held that "failure to allege any specific overt act that is a substantial step toward entry is a fatal defect in an indictment for attempted entry following deportation under 8 U.S.C. §1326." United States v. Resendiz-Ponce, 425 F.3d 729 (9th Cir. 2005).

### A. The Commission of an Overt Act Is a Required Element in "Attempt Crimes"

An overt act is required to protect the innocent from conviction for merely thinking about committing a crime. "The common law meaning of 'attempt' is the specific intent to 'engage in criminal conduct and ... an overt act which is a substantial step towards committing the crime.'" Gracidas-Ulibarry, 231 F.3d at 1192,

citing United States v. Arbelaez, 812 F.2d 530, 534 (9th Cir.1987); accord United States v. Bailey, 444 U.S. 394, 405 (1980); Wooldridge v. United States, 237 F. 775, 778-79 (9th Cir.1916) (collecting common law sources "holding that, to constitute an attempt, there must be the intent to commit a crime and some act done toward its consummation, and that the term 'attempt' signifies both an act and the intent with which it is done"); 2 Wayne R. LaFave & Austin W. Scott, Jr., Substantive Criminal Law § 6.2, at 18 (1986) ("The crime of attempt . . . [at] common law . . . consists of: (1) an intent to do an act or to bring about certain consequences which would in law amount to a crime; and (2) an act in furtherance of that intent which . . . goes beyond mere preparation.").

The Ninth Circuit en banc has adopted the common-law definition of attempt and has held that "the elements of the crime of attempted illegal reentry into the United States under 8 U.S.C. § 1326 are: (1) the defendant had the purpose, i.e., conscious desire, to reenter the United States without the express consent of the Attorney General; (2) *the defendant committed an overt act that was a substantial step towards reentering without that consent*; (3) the defendant was not a citizen of the United States; (4) the defendant had previously been lawfully denied admission, excluded, deported or removed from the United States; and (5) the Attorney General had not consented to the defendant's attempted reentry." Gracidas-Ulibarry, 231 F.3d at 1196 (emphasis added).

**B. The Indictment Must Be Dismissed Because It Does Not Allege an Overt Act That Was a Substantial Step Which Corroborates the *Mens Rea* of the Charged Offense.**

In an attempt to comply with Resendiz-Ponce, the indictment alleges that Mr. Gonzalez-Hernandez "committed an overt act, to wit, crossing the border from Mexico into the United States, that was a substantial step towards committing the offense."

However, merely stating that a particular act is a substantial step, however, does not satisfy the Ninth Circuit's description of that element. The "purpose of [the] substantial step requirement in attempt crimes is to corroborate the actor's specific intent to commit the crime." Walters v. Maass, 45 F.3d 1355, 1349 (9th Cir. 1995) (citing United States v. Plenty Arrows, 946 F.2d 62, 66 (8th Cir. 1991)). Thus, the government must allege and prove "culpable intent and conduct constituting a substantial step toward commission of the crime that strongly corroborates that intent." United States v. DeRosa, 670 F.2d 889, 894 (9th Cir. 1982) (citing United States v. Snell, 627 F.2d 186, 187 (9th Cir. 1980)). The language employed in the indictment's

substantial step allegation makes no reference to *mens rea* at all. Instead, it simply charges that Mr. Gonzalez-Hernandez "committed an overt act, to wit, crossing the border from Mexico into the United States, that was a substantial step towards committing the offense." The grand jury thus did not find, nor was it asked to find, "a substantial step toward commission of the crime *that strongly corroborates [the requisite] intent*." See DeRosa, 670 F.2d at 894. The indictment therefore fails to state an offense against the United States.

Because "[f]ailure to allege an essential element of the offense is a fatal flaw not subject to mere harmless error analysis[,]" the Ninth Circuit "reverse[d] the judgment against Resendiz and direct[ed] the district court to dismiss the indictment without prejudice to reindict[]." Resendiz-Ponce, 425 F.3d at 732-33 (citing United States v. Du Bo, 186 F.3d 1177, 1179 (9th Cir. 1999)). Accord United States v. Pernillo-Fuentes, 252 F.3d 1030, 1032 (9th Cir. 2001) (the remedy for the failure to allege an element of a section 1326 offense is dismissal). Accordingly, the instant indictment must likewise be dismissed because it fails to allege all essential elements of the offense of an attempted entry, in violation of 8 U.S.C. § 1326.

The purpose of an overt act element, in an attempt indictment, is to protect the innocent, by showing that the prohibited actions must be more than just thought or "mere preparation." See Rollin M. Perkins & Ronald N. Boyce, Criminal Law § 3.A.7, at 637 (3d ed. 1982). Without alleging an overt act the indictment fails to allege an essential element, and in doing so it fails to state an offense. This is a fatal flaw, and dismissal of the indictment is required. Du Bo, 186 F.3d at 1179.

## IV.

## MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS

***Mr. Gonzalez-Hernandez has received 46 pages of discovery.*** He has not however received any audiotapes of his deportation proceeding as well as a photocopy of the A-file. As information comes to light, due to the government providing additional discovery in response to these motions or an order of this Court, Mr. Gonzalez-Hernandez may find it necessary to file further motions. It is, therefore, requested that Mr. Gonzalez-Hernandez be allowed the opportunity to file further motions based upon information gained through the discovery process. Specifically, because Mr. Gonzalez-Hernandez's collateral attack on the underlying deportations relies on the audiotapes of the deportation proceedings, he requests the opportunity to file further briefing to support his collateral attack once he has been provided an opportunity to listen to the proceedings.

## V.

## CONCLUSION

For the foregoing reasons, Mr. Gonzalez-Hernandez respectfully requests that the Court grant the above motions.

Respectfully submitted,

Dated: April 14, 2008

*/s/ Diane Regan*

**DIANE REGAN**
Federal Defenders of San Diego, Inc.
Attorneys for Rafael Gonzalez-Hernandez
Diane_Regan@fd.org